```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
STEVEN SPAVONE,                          :
                    Plaintiff,           :
                                         :      10 Civ. 0833 (DLC)
          -v-                            :
                                         :         MEMORANDUM
N.Y.S. DEPARTMENT OF CORRECTIONAL        :      OPINION & ORDER
SERVICES, JIM HILLREGAL, JOHN BENDLIN,   :
and STEVE MADISON,                       :
                    Defendants.          :
                                         :
-----------------------------------------X
```

APPEARANCES:

For plaintiff:

Steven Spavone, pro se
#03-A-4330
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

For defendants:

John E. Knudsen
State of New York Attorney General's Office
120 Broadway
New York, NY 10271


DENISE COTE, District Judge:

　　　Plaintiff Steven Spavone ("plaintiff"), proceeding pro se and in forma pauperis, alleges that he was subjected to unconstitutional conditions of confinement at Woodbourne Correctional Facility ("Woodbourne"), which constituted cruel and unusual punishment under the Eighth Amendment. Specifically, plaintiff alleges that he was exposed to friable

asbestos while performing demolition and removal work in an area of Woodbourne.  On February 3, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the New York State Department of Correctional Services ("DOCS"), Jim Hillregal, a Plant Supervisor at Woodbourne, John Bendlin, a Maintenance Supervisor at Woodbourne, and Steve Madison, a Maintenance General Mechanic at Woodbourne.  Plaintiff claims that defendants were deliberately indifferent to his health and safety, and seeks compensatory and punitive damages.  On April 12, defendant DOCS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  The motion became fully submitted on May 7.

DOCS argues that it is immune from suit under the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment states:  "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI; Gollomp v. Spitzer, 568 F.3d 355, 361 (2d Cir. 2009).  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth

Amendment."  <u>Gollomp</u>, 568 F.3d at 366 (citation omitted).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  <u>Id.</u> (citation omitted); <u>see also</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984).

   Plaintiff's claim against DOCS for damages is barred by the Eleventh Amendment.  Although the complaint names DOCS as a defendant, the real party in interest is the State of New York.  <u>See</u> <u>Santiago v. New York State Dept. of Corr. Servs.</u>, 945 F.2d 25, 28 n.1 (2d Cir. 1991).  New York State has not waived its sovereign immunity.  Nor has Congress, through § 1983, abrogated the state's immunity.  <u>See</u> <u>id.</u> at 30.  Consequently, plaintiff's claim against DOCS is barred by the Eleventh Amendment.  <u>Davis v. New York</u>, 316 F.3d 93, 101 (2d Cir. 2002) (dismissing damages claim against DOCS based on sovereign immunity under the Eleventh Amendment).

   Plaintiff argues that DOCS is not entitled to sovereign immunity based on the Supreme Court's decision in <u>Monell v. Dep't of Soc. Servs. of the City of New York</u>, 436 U.S. 658 (1978).  <u>Monell</u>, however, applies only to local municipalities and does not abrogate sovereign immunity for states or state instrumentalities.  <u>See</u> <u>Monell</u>, 436 U.S. at 690 n.54.  Plaintiff's argument is thus without merit.

3

CONCLUSION

DOCS' April 12, 2010 motion to dismiss is granted.

Plaintiff's claim against DOCS is dismissed with prejudice.

SO ORDERED:

Dated:   New York, New York
         May 27, 2010

                                    _____
                                           DENISE COTE
                                    United States District Judge

4