```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
STEVEN SPAVONE,                         :    10 Civ. 833 (DLC)
                                        :
             Plaintiff,                 :    OPINION & ORDER
                                        :
        -v-                             :
                                        :
N.Y.S. DEPARTMENT OF CORRECTIONAL       :
SERVICES, JIM HILLREGAL, JOHN BENDLIN,  :
and STEVE MADISON,                      :
                                        :
             Defendants.                :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Steven Spavone, pro se
03-A-4330
Sing Sing Correctional Facility
354 Hunter Street
Richmond Hill, NY 11419

For Defendants:
John Eric Knudsen
New York State Department of Law
120 Broadway
New York, NY 10271

DENISE COTE, District Judge:

   The plaintiff Steven Spavone ("Spavone"), proceeding pro se, has brought this action against employees of the New York State Department of Correctional Services ("DOCS"), asserting that they placed him at risk of exposure to asbestos. The defendants have moved for summary judgment. For the following reasons, the motion is granted.

BACKGROUND

While an inmate at DOCS' Woodbourne Correctional Facility, Spavone assisted in preparing the Old Jewish Chapel at the facility for renovation.  Over the course of about four hours that spanned several days in June 2009, Spavone and other members of the maintenance crew removed all of the fixtures and the ceiling from the room.  General Mechanic Steven Madison ("Madison") personally supervised the work, and told the crew to be careful not to hit the water pipe when removing the ceiling.  The water pipe ran above the ceiling along one section of the room adjacent to a window.  It was wrapped with insulation.  The crew completed its work by June 16 and placed all of the debris in garbage cans and carts, which were then removed from the room.  During that period, none of the insulation from the pipe fell.

The next phases of the work, in which Spavone was not involved, were the painting of the room and the installation of a new ceiling.  On July 13, civilian carpenter Cliff Hamlin ("Hamlin") began the work necessary to install a "wall angle" to support the ceiling.  To do so, he put up a baker's scaffold, which is a moveable flat surface area approximately 3' by 6'.  While standing on the scaffold, Hamlin noticed a leak in the water pipe.

When Hamlin returned on July 14, he noticed that part of the insulation from the pipe had fallen onto the scaffold.  Hamlin

promptly notified John Bendlin ("Bendlin"), a Maintenance Supervisor, who told Hamlin to stay away from the leaking pipe. A Fire and Safety Officer then shut down the work area because of the potential for release of asbestos.

On July 16, a member of the CORCRAFT Asbestos Program assessed the situation and cleaned up the chapel.  Its report describes the condition of the chapel on July 16 and identifies "asbestos/particulate" as an atmospheric hazard.

On February 3, 2010, Spavone filed a complaint naming DOCS, Bendlin, and Madison as defendants, in addition to DOCS Plant Supervisor Jim Hillregal ("Hillregal").  Spavone filed a motion for summary judgment on January 19, 2011.  The defendants filed a cross-motion for summary judgment on February 14.  The motions were fully submitted on April 26.


DISCUSSION

Spavone has brought suit pursuant to 28 U.S.C. § 1983, alleging a violation of his rights under the Eighth Amendment of the U.S. Constitution due to the defendants' deliberate indifference to a serious risk to his health.  Spavone claims that the defendants knowingly exposed him to asbestos without providing him with proper protective clothing.

Summary judgment is "'appropriate where there exists no genuine issue of material fact and, based on the undisputed

facts, the moving party is entitled to judgment as a matter of law.'" Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC, 628 F.3d 46, 51 (2d Cir. 2010) (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)).  "The role of the court in deciding a motion for summary judgment 'is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.'" Wilson v. Northwestern Mut. Ins. Co., 625 F.3d 54, 59-60 (2d Cir. 2010) (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986)).

Deliberate indifference "entails something more than mere negligence." Farmer v. Brennan, 511 U.S. 825, 835 (1994).  A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837.  A prison official is held to have violated the Eighth Amendment only when the alleged risk to health is shown to be "sufficiently serious" and the prisoner demonstrates that the charged official acted "with a sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006) (citation omitted).

The defendants are entitled to summary judgment.[1]  Spavone

---

[1] Spavone has not offered any evidence that Hillregal or Bendlin were personally involved in any alleged violation of his rights. Therefore, even if the claim against Madison survived, judgment would be entered in favor of these two defendants.

has not offered evidence that he was exposed to asbestos. He does not contend that he saw any of the insulation for the pipe fall during the hours he was in the chapel. The record provided by the parties on summary judgment shows that any risk to health arose about a month after Spavone completed his work in the chapel. At that time, the pipe was leaking and some of its insulation fell. Consequently, Spavone has not shown that the defendants placed him at risk of serious harm to his health during the month of June 2009. For the same reason, Spavone has not shown that the defendants were deliberately indifferent to his health. Indeed, he admits that Madison warned the maintenance crew to be careful not to hit the water pipe as it was removing the ceiling. While Madison assumed that the insulation around the pipe contained asbestos, there is no evidence that he understood that either he or the inmates who were working with him in the chapel in June were exposed at that time to any risk from that insulation, so long as it remained undamaged.

Spavone offers three principal reasons why the defendants' motion for summary judgment should be denied. He argues first that asbestos was present in the pipe insulation, and thereby presented a grave risk to his health. Spavone has offered no evidence from which a jury could conclude, however, that undamaged insulation containing asbestos presents a health risk

or that the insulation on the pipe above the chapel's ceiling would have presented a health risk to anyone if that insulation had remained intact.

Spavone next argues that the creation of a "risk" of injury, even in the absence of any evidence that an injury occurred, constitutes a violation of the Eighth Amendment.  Spavone relies on Helling v. McKinney, 509 U.S. 25 (1993), and Smith v. Carpenter, 316 F.3d 178 (2d Cir. 2003).  The Supreme Court held in McKinney that a prisoner's involuntary exposure to environmental tobacco smoke ("ETS") could form the basis of a deliberate indifference claim against prison officials.  McKinney, 509 U.S. at 35.  But the Supreme Court required the prisoner to demonstrate that "he himself is being exposed to unreasonably high levels of ETS" in order to prevail on his claim.  Id.  Spavone's reliance on McKinney is thus unavailing, because he has not demonstrated that he was exposed to asbestos.  The Second Circuit's decision in Smith is also of no assistance to Spavone.  The Smith court held that a disruption in a prisoner's drug treatment program for HIV could form the basis of a deliberate indifference claim, but the court also noted that the jury was free to consider "the absence of concrete medical injury as one of the relevant factors in determining whether the asserted deprivation of medical care was sufficiently serious to establish a claim under the Eighth Amendment."  Smith, 316 F.3d

at 189.  Spavone has not shown any exposure to asbestos, much less any "concrete medical injury" stemming from his work on the chapel.

Finally, Spavone contends that Madison did not adequately warn the maintenance crew of the risk of a dangerous condition when he directed its members not to hit the pipe when removing the ceiling.  According to Spavone, this suggested no more than a concern that the pipe might leak if damaged and was insufficient to advise the workers that damage to the insulation might release asbestos.  But as discussed above, Spavone offers no evidence that he was actually exposed to asbestos.  As a consequence, the adequacy of Madison's warning to the maintenance crew is irrelevant.

CONCLUSION

Spavone's January 19, 2011 motion for summary judgment is denied and the defendants' February 14, 2011 motion for summary

judgment is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated:  New York, New York
        May 25, 2011

                                            DENISE COTE
                              United States District Judge

COPIES SENT TO:

Steven Spavone
101-66 125th Street
Apartment #1B
Richmond Hill, NY 11419

John E. Knudsen
Assistant Attorney General
Office of the Attorney General of
The State of New York
120 Broadway
New York, NY 10271